# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 13, 2023
Lyle W. Cayce
Clerk

No. 23-30063

Vernon Smith, etc.,

    *Plaintiff,*

United States of America,

    *Intervenor Plaintiff—Appellee,*

*versus*

School Board of Concordia Parish,

    *Defendant—Appellee,*

*versus*

Delta Charter Group, Incorporated,

    *Intervenor—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:65-CV-11577

_____

Before Wiener, Willett, and Douglas, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

No. 23-30063

Delta Charter Group, Inc., operates a public charter school within Concordia Parish in Louisiana. In 2018, Delta, the Concordia Parish School Board, and the United States jointly moved for entry of a consent order requiring Delta to implement a race-based enrollment process, consistent with an ongoing desegregation plan in Concordia. Four years later, Delta moved to discontinue the use of race in the 2018 Consent Order, arguing that it was unconstitutional. The district court declined to modify the order under Federal Rule of Civil Procedure 60(b)(5). Delta appealed. Because Delta forfeited any argument that the district court abused its discretion, we AFFIRM.

I

This case begins in 1965, before two members of this panel were even born. In that year, plaintiffs—no longer active in this litigation—sued the Concordia Parish School Board for operating segregated schools in violation of the Fourteenth Amendment. The district court ultimately approved a desegregation plan. Some 50 years later, the Board has yet to achieve unitary status[1] and remains subject to the district court's continued jurisdiction and supervision.

In 2012, Delta Charter Group, Inc., intervened in the Board's ongoing desegregation case for approval to operate a public charter school within Concordia Parish.[2] The district court entered a consent order in 2013 that

---

[1] That is, the district court has yet to determine that the school district has (1) "complied in good faith with desegregation orders for a reasonable amount of time," and (2) "has eliminated the vestiges of prior *de jure* segregation to the extent practicable." *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 297 (5th Cir. 2008).

[2] Under Louisiana law, charter schools "shall . . . [b]e subject to any court-ordered desegregation plan in effect for the city or parish school system." La. Rev. Stat. § 17:3991C(3). Although the statute does not state that charter schools such as Delta *must* intervene in an ongoing desegregation case, intervention has become the default. *See, e.g.*,

authorized Delta to open its school and obligated it to, among other things, comply with the Board's desegregation decree and not hinder the Board's own compliance.[3]

About a year after Delta opened its doors, the Board alleged that Delta violated the 2013 Consent Order. The district court held a hearing in February 2017, following years of discovery and failed negotiations. Just three days before, Delta moved for relief from the race-based enrollment requirements in the 2013 Consent Order and, in the alternative, urged the district court to dismiss Concordia's motion for relief. Delta argued in part that the 2013 Consent Order's race-based policies were unconstitutional under the Supreme Court's 2007 decision in *Parents Involved in Community Schools v. Seattle School District No. 1*.[4] The district court declined to consider Delta's eleventh-hour arguments, found that Delta had violated the Consent Order, and entered relief for the Board. Delta appealed, and we affirmed, making just one revision to the district court's ordered relief.[5]

Delta, the Board, and the United States (a Plaintiff–Intervenor) meanwhile jointly moved for entry of a *second* consent order to adjust Delta's enrollment process. The district court entered the proposed order in 2018. The 2018 Consent Order, still in effect, outlines an Enrollment Process by

---

*Cleveland v. Union Par. Sch. Bd.*, 570 F. Supp. 2d 858, 866 (W.D. La. 2008) (stating that the school "properly sought to intervene in this matter pursuant to Louisiana Revised Statute 17:3991C(3)").

[3] Delta is a Type 2 charter school under Louisiana law, which means that Delta can draw students from anywhere in Louisiana and is funded by the state. LA. REV. STAT. §§ 17:3973(2)(b)(ii), 17:3995(A)(1).

[4] 551 U.S. 701 (2007).

[5] *Smith v. Sch. Bd. of Concordia Par.*, 906 F.3d 327, 336 (5th Cir. 2018) (vacating the requirement that Delta obtain authorization before enrolling students from other parishes but otherwise affirming the district court's order).

No. 23-30063

which Delta must give "the highest enrollment preference . . . to black students" and adhere to other race-based enrollment rules.

Four years later, Delta urged the district court to discontinue the race-based Enrollment Process, which it argued has always been unconstitutional under *Parents Involved*. The district court construed Delta's motion as a request to modify the 2018 Consent Order under Rule 60(b)(5). It held that Delta did not carry its burden for modifying the 2018 Consent Order because Delta had not alleged any "change in factual or legal circumstances or [evidence] that the 2018 Consent Order is failing to achieve its intended result of effectively ensuring Delta's operation of Delta Charter School does not undermine Concordia's desegregation efforts." "Delta's reliance on a fifteen-year-old plurality opinion in [*Parents Involved*]," the district court explained, "certainly fails to rise to the kind of significant legal change the Supreme Court contemplated . . . ." In a footnote, the court rejected Delta's constitutional argument on the merits. Delta appealed.[6]

Before Delta filed its reply brief, the Supreme Court decided *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College* ("*SFFA*").[7] We requested supplemental briefing from the parties to determine what effect, if any, *SFFA* had on this case.

---

[6] On May 6, 2022, Delta moved for dismissal from the ongoing desegregation case because (1) it was "not undermining the desegregation obligations of the Concordia Parish Schools," (2) it "has complied with the Orders of th[e] [district] Court," and (3) "the race-based lottery program is unconstitutional." During a status conference with the district court, Delta agreed to file a different motion to narrow its requested relief to just one issue—the discontinuance of race in the admissions process. That narrower motion is the one at issue in this appeal. The district court denied as moot Delta's motion to dismiss.

[7] 600 U.S. 181 (2023).

No. 23-30063

## II

District courts can modify or dissolve a consent decree under Rule 60(b)(5) if "applying [the decree] prospectively is no longer equitable."[8] But the party seeking modification must show "a significant change either in factual conditions or in law."[9] It's enough, for example, that (1) "changed factual conditions make compliance with the decree substantially more onerous," (2) the "decree proves to be unworkable because of unforeseen obstacles," or (3) "enforcement of the decree without modification would be detrimental to the public interest."[10] A party seeking modification based on a significant change in facts must also "show that those [factual] changes affect compliance with, or the workability or enforcement of, the final judgment, and . . . that those changes occurred despite [their] reasonable efforts to comply with the judgment."[11] After the movant satisfies its burden, the district court must then "consider whether the proposed modification is suitably tailored to the changed circumstance"[12] and "take a flexible approach to [modification]."[13]

---

[8] FED. R. CIV. P. 60(b)(5); *see, e.g.*, *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992); *Frazar v. Ladd*, 457 F.3d 432, 435–41 (5th Cir. 2006).

[9] *Rufo*, 502 U.S. at 384.

[10] *Id.* at 384–85.

[11] *Cooper v. Noble*, 33 F.3d 540, 544 (1994).

[12] *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 437 (5th Cir. 2011) (quoting *Rufo*, 502 U.S. at 383).

[13] *Id.*

No. 23-30063

"We review a district court's decision to grant or deny relief pursuant to Rule 60(b) for abuse of discretion."[14] And we review de novo any underlying questions of law.[15]

III

We begin, and end, this appeal by considering whether Delta has even preserved any argument that the district court abused its discretion in denying relief under Rule 60(b)(5). "A party forfeits an argument . . . by failing to adequately brief the argument [in its opening brief] on appeal."[16] "To be adequate, a brief must address the district court's analysis and explain how it erred."[17] We have held that briefing was adequate, even if "sparse," when it "include[d] the standard of review, discusse[d] applicable law, and explain[ed] how [the appellant] believe[d] the district court erred."[18] By contrast, we have held that parties forfeited arguments by "not attempt[ing] to rebut" the district court's conclusions[19] or by failing to cite

---

[14] *Frew v. Janek*, 780 F.3d 320, 326 (5th Cir. 2015).

[15] *Id.*

[16] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see also Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006) ("We need not consider this argument because the [party] effectively [forfeited] it by failing to raise it in its opening brief.").

[17] *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 751 (5th Cir. 2023) (citation omitted).

[18] *United States v. Teijeiro*, 79 F.4th 387, 394 n.1 (5th Cir. 2023).

[19] *Russell*, 59 F.4th at 751.

No. 23-30063

the provisions at issue in the opening brief and "explain why the [district] court was wrong about what those provisions permit."[20]

Delta did not heed these admonitions and settled briefing requirements. Its opening brief barely "address[ed] the district court's analysis" and wholly neglected to "explain how it erred."[21] Delta referenced Rule 60(b)(5) only *once*, made zero mention of the applicable abuse-of-discretion standard of review, and summarized the district court's analysis in two short paragraphs—only to never discuss it again.[22] Delta merely repeated the same argument it raised below: that the 2018 Consent Order's Enrollment Process has always been unconstitutional under *Parents Involved*. Nowhere did Delta explain how the district court erred in denying modification—that is, Delta failed to identify any facts or law raised to the district court that have changed significantly since 2018 and would thus justify relief.[23]

Consider Delta's stark lack of briefing on the two primary bases for Rule 60(b)(5) relief: changed facts and changed law. Delta did not argue in its opening brief that the district court failed to account for significantly changed facts that justify modification. To the extent Delta argued changed facts in its reply or supplemental briefs or at oral argument, it's still forfeited.[24] Delta

---

[20] *SEC v. Hallam*, 42 F.4th 316, 326–27 (5th Cir. 2022).

[21] *See Russell*, 59 F.4th at 751 (citation omitted).

[22] *See Teijeiro*, 79 F.4th at 394 n.1.

[23] *See Russell*, 59 F.4th at 751.

[24] *See Benkiser*, 459 F.3d at 594. Indeed, we think Delta likely couldn't argue on appeal that the district court failed to account for changed facts because Delta did not mention a single changed fact in its motion before the district court. So even if we concluded that Delta adequately briefed a change-of-fact argument to us, Delta's inadequate presentation to the district court could be an independent ground for forfeiture.

likewise forfeited any argument that the district court abused its discretion by failing to consider a significant change in the law. Delta has staunchly maintained—before the district court and on appeal—that the 2018 Enrollment Process is unconstitutional under the Supreme Court's 2007 decision in *Parents Involved*. Because *Parents Involved* was decided *before* Delta sought entry of the 2018 Consent Order, it's not a "significant [legal] change[] occurring during the life of the decree"[25]—and therefore can't justify modification under *Rufo*. Nor did Delta argue in its reply or supplemental briefs or at oral argument that the Supreme Court's intervening decision in *SFFA* effected a "significant change . . . in law."[26] Rather, counsel for Delta said plainly at oral argument that they are "not of the position that [*SFFA*] significantly changed the law" and that *SFFA* merely "clarifies" and adds "emphasis" to the law under *Parents Involved*. That *SFFA* "clarifies" and adds "emphasis" doesn't show a "significant" change in the law—or *any* change, for that matter.[27] Delta has thus forfeited any argument that the district court abused its discretion in holding that there was no significant change in the law.[28]

There are a handful of related grounds for modification—but Delta has forfeited all of those, too. Delta does not argue that any party was mistaken as to the state of the law when it sought approval of the consent

---

*See Rollins*, 8 F.4th at 397 ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . .").

[25] *Rufo*, 502 U.S. at 380.

[26] *See id.* at 384; *Am. Int'l Specialty Lines Ins. Co. v. Res-Care Inc.*, 529 F.3d 649, 661 n.28 (5th Cir. 2008) (noting that this court has considered arguments that the appellant "raised for the first time in a supplemental brief where there has been an intervening court decision").

[27] *See Rufo*, 502 U.S. at 384.

[28] *See Rollins*, 8 F.4th at 397.

decree in 2018.[29] Indeed, Delta raised a similar constitutional argument in 2017 against the 2013 Consent Order and thus undeniably knew of the law that it now attempts to wield against its 2018 obligations. Delta likewise doesn't argue that the "decree [is] not meeting its intended purpose" or that the "initial remedy ha[s] failed."[30] Delta has thus forfeited any argument that the district court abused its discretion in failing to modify the 2018 Consent Order on these alternative grounds.

Delta dismisses this forfeiture rule as "nothing more than technical sophistry," urging us to review the constitutionality of the Enrollment Process without regard to the Rule 60(b)(5) standard. Our authority is not so freewheeling. Our rules governing forfeiture and standards of review are just that—*rules*—and they bind us and all parties alike. We cannot grant special absolutions, no matter our view of the underlying merits.[31] Overlooking Delta's forfeiture would, in turn, require us to raise arguments on Delta's behalf and carry Delta's burden under *Rufo*. That is not our role.

IV

In its effort to elude the Rule 60(b)(5) standard entirely, Delta takes one more swing—and misses. Delta also forfeited its argument that the district court should have instead applied Rule 54(b). Delta didn't include this argument in its "Statement of the Issue" or in the body of its opening

---

[29] *See Ibarra v. Tex. Emp. Comm'n*, 823 F.2d 873, 879 (5th Cir. 1987) (considering whether a party to the consent decree made a unilateral mistake, which the court said is "a ground for voiding a consent decree").

[30] *League of United Latin Am. Citizens*, 659 F.3d at 438 (citing *Police Ass'n of New Orleans ex rel. Cannatella v. New Orleans*, 100 F.3d 1159, 1168 (5th Cir. 1996) and *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 249, 252 (1968)).

[31] *See Rollins*, 8 F.4th at 398 ("Courts should not selectively address forfeited arguments . . . .").

brief—rather, Delta relegated it to a footnote. We have repeatedly cautioned that arguments appearing only in footnotes are "insufficiently addressed in the body of the brief" and are thus forfeited.[32] Delta's Rule 54(b) argument meets this predictable fate.

V

We do not—indeed, cannot—offer any opinion on the underlying constitutional merits. Delta forfeited any available argument that the district court should have applied Rule 54(b) and that it abused its discretion in denying relief under Rule 60(b)(5). Accordingly, we AFFIRM.

---

[32] *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016) ("Arguments subordinated in a footnote are 'insufficiently addressed in the body of the brief,' and thus are [forfeited]." (citation omitted)); *see also Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 n.3 (5th Cir. 2002) ("[T]his argument is not listed in the 'Statement of Issues Presented for Appeal,' nor addressed in the body of the brief, thus it is deemed [forfeited]."); *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 356 n.7 (5th Cir. 2003) ("Arguments that are insufficiently addressed in the body of the brief, however, are [forfeited].").